IN THE CHANCERY COURT OF LEFLORE COUNTY, MISSISSIPPI

PINKERTON SYSTEMS INTEGRATION,                    PLAINTIFF
now known as NISCAYAH, INC.

VS.                    **FILED**          CASE NO. G11-0026

DEAN BERNARD and CONVERGINT    MAR 1 4 2011           DEFENDANT
TECHNOLOGIES, LLC

SAM ABRAHAM, CHANCERY CLERK
BY _____ D.C.

## AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW, Plaintiff Pinkerton Systems Integration, now known as Niscayah, Inc. ("Niscayah" or "Plaintiff") and files this Verified Complaint for Injunctive Relief and Damages against Defendants Convergint Technologies, LLC ("Convergint") and Dean Bernard ("Bernard") for specific performance of a Confidentiality, Noncompete, and Nonsolicitation Agreement ("Agreement") entered into by Dean Bernard, injunctive relief, damages and attorneys' fees and other available relief resulting from Bernard's willful breach of said agreement, and Convergint's tortuous interference with business relations of Niscayah.

### THE PARTIES

1. Plaintiff Pinkerton Systems Integration ("Pinkerton"), now known as Niscayah, Inc. ("Niscayah"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Duluth, Georgia, and is qualified to do business in the State of Mississippi.

2. Defendant Dean Bernard is a former employee of Plaintiff, whose residence address is 230 Somerset Road, LaPlace, Louisiana, 70068. He may be personally served with process at said address pursuant to Mississippi law.

3. Defendant Convergint Technologies, LLC is a corporation incorporated under the law of the State of Illinois, having its principal place of business located at 1651 Wilkening Road,

Schaumburg, Illinois, and based upon information and belief, is qualified to do business in the State of Mississippi.

4. Dean Bernard was hired by Plaintiff in December of 2000. Immediately prior to his hire, Bernard had been employed by a subcontractor of Plaintiff, not as a sales representative, but rather as a technician.

5. On or about December 15, 2000, Bernard voluntarily entered into a Confidentiality, Noncompete, and Nonsolicitation Agreement, which is reasonable in terms of both temporal and geographic scope, and which specifically provides as follows:

> Confidential Information/Trade Secrets: Employee agrees that to the extent Employee becomes aware of PSI's confidential information and trade secrets (as defined by the Uniform Trade Secrets Act) concerning PSI's operations, future plans and/or methods of doing business, Employee shall not use such confidential information or trade secrets to engage in activities in competition with PSI. Employee further agrees to keep such information secret and absolutely confidential.
>
> Non-Competition: During Employee's employment, and for one (1) year
>
> following Employee's last date of employment with PSI, Employee agrees to not provide the types of services Employee engaged in at PSI, directly or indirectly, individually or for another entity, to any person, customer or client who was during the last one (1) year of Employee's employment, a customer or client of PSI. This non-competition provision applies to the geographical areas in which Employee engages in business relations on behalf of PSI during the last year of Employee's employment.
>
> Non-solicitation of PSI Customers/Clients: For one (1) year following Employee's last date of employment with PSI, Employee agrees to not, directly or indirectly, divert, take away, attempt to divert or take away, solicit or service any business from any person or firm which was, during the last year of Employee's employment, a customer or client of PSI. Employee further agrees to not engage in any conduct designed or intended to cause any PSI customer/client to discontinue using PSI's services.

A true copy of said Agreement is attached hereto as Exhibit 1.

5. Pursuant to the terms of the Agreement, Bernard additionally agreed that in view of the nature of Plaintiff's business and the confidential and trade secret information which he would

2

inevitably gain access to during his employment that Plaintiff would be irreparably harmed by any violation or threatened violation of this Agreement. Because of this, Bernard agreed that Plaintiff should be entitled to an injunction against him prohibiting any violation or threatened violation of the Agreement – and any other remedies to which Plaintiff may be otherwise entitled – in the event of the voluntary or involuntary termination of Bernard's employment therewith.

6. On August 26, 2010, Bernard voluntarily resigned his employment with the Plaintiff. During the preceding year, Bernard sold the company's products and services to Mississippi Valley State University, and a number of local contractors doing business in LeFlore County, Mississippi, including but not limited to B & G Electrical Contractors, Inc., 1400 Hwy. 43, Itta Bena, Mississippi; Robinson Electric, 14000 Hwy. 82 West, Itta Bena, Mississippi – as well as additional contractors in Alabama, Florida, Indiana, Louisiana, Oklahoma Pennsylvania, Tennessee, Texas, and Utah. Irrespective of the vast geographic scope over which Bernard provided services on behalf of Niscayah, Plaintiff seeks only to enjoin Bernard and any and all acting in concert with him, including his new employer, Convergint, from competing in the State of Misissippi.

7. The injunctive relief sought by Plaintiff herein does not pose any undue burden on either Bernard or Convergint, given that Bernard is a resident of Louisiana and that Convergint had no accounts in the State of Mississippi prior to hiring Bernard. In fact, the only accounts Convergint currently services in Mississippi at present are account which were serviced by Plaintiff prior to Bernard's departure.

7. Since his departure, Bernard has directly and willfully violated the terms of his Agreement, calling on and selling competing products and services to accounts which he serviced on behalf of Niscayah in Leflore County, Mississippi in the year preceding his resignation, including but not limited to Mississippi Valley State University.

3

5. Prior to initiating this lawsuit, Plaintiff reminded Bernard of the existence of his Agreement (Exhibit 1), and of Plaintiff's intention to take appropriate action if he refused to honor same. See letter to Dean Bernard dated November 2, 2010, a true and correct copy of which is attached hereto as Exhibit 2. Bernard's new employer, Convergint Technologies, LTD. ("Convergint"), which offers products and services in competition with Plaintiff, was likewise placed on notice. See letter to Convergint dated November 2, 2010, a true and correct copy of which is attached hereto as Exhibit 3.

6. Irrespective of the foregoing, Bernard has continued to sell products and services to Mississippi Valley State University on behalf of his new employer, Convergint. In so doing Bernard has willfully breached his contract, resulting in considerable damages to Niscayah.

7. In spite of being fully aware of Bernard's Agreement with Plaintiff, Convergint continues to support Bernard's ongoing breach.

8. Bernard and Convergint have tortuously interfered with Plaintiff's business relations, which conduct has caused, and will continue to cause, Niscayah immediate and irreparable injury, loss, and damage pending final judgment of this litigation.

9. But for the interference of Bernard and Convergint, Niscayah would have secured the prospective business in Leflore County, Mississippi, which instead was secured by Convergint.

9. The injuries suffered by Niscayah as a result of Defendants' conduct cannot be fully redressed by monetary damages alone.

10. Unless enjoined and restrained by the court, Bernard – acting in concert with Convergint – will continue to violate the Agreement in various respects, which will further damage Niscayah's in terms of both monetary damage and damage to the company's good will.

4

7. Bernard should be enjoined from further breach of said contract, and ordered to specifically perform such by honoring his commitments to refrain from the use and/or disclosure of Plaintiff's confidential information and trade secrets, and to refrain from soliciting or serving customers of Niscayah in Leflore County, Mississippi to whom he provided service during the year prior to his resignation, including but not limited to Mississippi Valley State University.

8. Likewise, Convergint, which had knowledge of Bernard's Agreement and knowingly approved of the breach, should likewise be enjoined from providing services to customers of Niscayah in Leflore County, Mississippi to whom Bernard provided service during the year prior to his resignation, including but not limited to Mississippi Valley State University; and should also be held liable for compensatory and punitive damages for its involvement in Bernard's willful breach of his valid and enforceable Agreement, and Convergint's own tortuous interference with the business relations of Niscayah, which have given rise to considerable irreparable damages, which cannot be fully repaired by monetary relief.

Accordingly, Plaintiff prays that this Court shall issue a Preliminary Injunction and subsequent appropriate injunctive relief enjoining Bernard, and all acting in concert with him, including Convergint, from further violation of Bernard's agreement, willful or otherwise; requiring Bernard to specifically perform his contractual obligations to Plaintiff; and awarding Plaintiff compensatory and punitive damages – for willful breach of contract, and intentional tortuous interference with business relations – as well as its costs and reasonable attorneys' fees.

Respectfully submitted, this the 14th day of March, 2011.

*[signature]*

Wesley D. Ehrhardt (MS Bar No. 103021)
wes.ehrhardt@ogletreedeakins.com
Timothy W. Lindsay (Ms. Bar No. 1262)
tim.lindsay@ogletreedeakins.com
Herbert C. Ehrhardt (MS Bar No. 5490)
bert.ehrhardt@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 Renaissance, Suite 200
1022 Highland Colony Parkway
Ridgeland, MS 39157
Telephone: 601.360.8444
Telecopier: 601.360.0995

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT

STATE OF _____

COUNTY OF _____

I, _[signature]_, certify that I am the _Director Systems_ of Niscayah, Inc., the Plaintiff in this action, and that for and on behalf of Niscayah, Inc., I am authorized to speak on its behalf. I hereby certify that I have personal knowledge of the facts set forth in the Verified Complaint and that the statements contained therein are true to the best of my knowledge, information and belief.

_[signature]_

SWORN TO AND SUBSCRIBED before me, this the 23rd day of February, 2011.

_[signature]_
NOTARY PUBLIC

My Commission Expires:

CINDY TARANTINO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 25, 2016

9875841.1 (OGLETREE)



CONFIDENTIALITY/NONCOMPETE/NONSOLICIT AGREEMENT

This Confidentiality/Non-Compete/Non-Solicitation Agreement ("Agreement") is made and entered into by and between _Dean G. Bernard_ ("Employee") and Pinkerton Systems Integration ("PSI") on behalf of itself and its affiliated entities and employees.

In consideration for and as a condition of employment at PSI, Employee makes the following agreements and covenants:

1. Best Efforts/No Moonlighting: Employee agrees that while employed with PSI Employee will devote whatever attention, effort and energy is necessary to faithfully and competently complete the duties and responsibilities of Employee's position at PSI. Employee further agrees to not engage in any outside activity or employment that would compete or interfere with, or potentially conflict with the performance and completion of Employee's job duties and responsibilities. Employee specifically agrees to not perform work or services for or with any person or company in a similar business to that of PSI without first obtaining the written consent of PSI management.

2. Confidential Information/Trade Secrets: Employee agrees that to the extent Employee becomes aware of PSI's confidential information and trade secrets (as defined by the Uniform Trade Secrets Act) concerning PSI's operations, future plans and/or methods of doing business, Employee shall not use such confidential information or trade secrets to engage in activities in competition with PSI. Employee further agrees to keep such information secret and absolutely confidential.

3. Non-Competition: During Employee's employment, and for one (1) year following Employee's last date of employment with PSI, Employee agrees to not provide the types of services Employee engaged in at PSI, directly or indirectly, individually or for another entity, to any person, customer or client who was during the last one (1) year of Employee's employment, a customer or client of PSI. This non-competition provision applies to the geographical areas in which Employee engages in business relations on behalf of PSI during the last year of Employee's employment.

4. Non-solicitation of PSI Customers/Clients: For one (1) following Employee's last date of employment with PSI, Employee agrees to not, directly or indirectly, divert, take away, attempt to divert or take away, solicit or service any business from any person or firm which was, during the last year of Employee's employment, a customer or client of PSI. Employee further agrees



1

to not engage in any conduct designed or intended to cause any PSI customer/client to discontinue using PSI's services.

5. <u>Non-solicitation of PSI Employees:</u> During Employee's employment, and for one (1) year following Employee's last date of employment with PSI, Employee agrees to not engage in any conduct, directly or indirectly, designed to induce any PSI employee to terminate his or her employment from PSI.

6. <u>Property of PSI:</u> Employee agrees that the following materials are the property of PSI: All forms, notes, any computer/electronic generated information, memoranda, records, customer lists, price lists, leads, drawings, files, papers relating to PSI's operations, designs, processes, methods of marketing, all equipment and any other written information obtained by Employee from PSI or from any officer or other employee of PSI. Employee agrees to never use any PSI property in a manner that may undermine any of PSI's business operations. Employee further agrees to return all PSI property to PSI upon request.

7. <u>Injunctive Relief:</u> In view of the nature of Employee's employment and the information and trade secrets which Employee becomes aware of during Employee's employment, Employee agrees that PSI would be irreparably harmed by any violation, or threatened violation of this Agreement. Employee agrees that PSI shall be entitled to an injunction prohibiting Employee from any violation or threatened violation of this Agreement, and any other remedies which PSI may be otherwise entitled. Employee agrees that adherence to this Agreement by Employee will not prevent Employee from gaining adequate employment after Employee's employment with PSI ends.

8. <u>Severability:</u> If any provision contained in this Agreement is found to be unenforceable or invalid, the remaining provisions shall continue in full force and effect.

I have read, understand, accept and agree to the provisions contained in this Agreement. I execute this Agreement knowingly and voluntarily.

_____       Dated: _12-15-00_
Employee

Pinkerton Systems Integration

_____       Dated:_____
By:

2



November 2, 2010

Mr. Dean Bernard
230 Somerset Road
LaPlace, LA 70068

RE: Cease and Desist Demand

Dear Mr. Bernard:

The purpose of this letter is to remind you of your Confidentiality/Noncompete/Nonsolicit Agreement, which you signed when you were first hired by Niscayah, Inc. ("Niscayah"). *See* attached Exhibit "A". This agreement seeks to prevent unfair competition; and by signing this agreement you promised not to solicit or service any of Niscayah's customers that you had material contact with, or solicit or service Niscayah's customers for the benefit of your new employer, for a period of one (1) year following the date of your last employment with Niscayah. A letter similar to this one is simultaneously being sent to Convergint Technologies LTD.

Please be reminded that you have other obligations to Niscayah pursuant to your Confidentiality/Noncompete/Nonsolicit Agreement.

Niscayah is confident that you have not violated any applicable legal obligations. However, please be aware that Niscayah will take immediate action if necessary to ensure the protection of its confidential and/or trade secret information.

Should you have any questions or concerns regarding this matter, please feel free to contact me.

Sincerely

John Nemerofsky
Vice President of Sales
Niscayah, Inc.

Enclosure

**EXHIBIT 2**

9857695.1 (OGLETREE)

Niscayah, Inc.
Address: 401 Lennon Lane, Suite 125, Walnut Creek, CA 94598-2511
Phone: 925-256-3700, Fax: 925-256-3737, www.niscayah.com



November 2, 2010

Mr. Ben Neikirk, VP Business Development
Convergint Technologies LTD
1000 River Bend Drive, Suite D
St. Rose, LA 70087

RE: Dean Bernard Confidentiality/Noncompete/Nonsolicit Agreement

Dear Sir / Madam:

I would like to bring to your attention the enclosed Niscayah, Inc. ("Niscayah") *Confidentiality/Noncompete/Nonsolicit Agreement* signed by one of your employees, Dean Bernard. See attached Exhibit "A". This agreement seeks to prevent unfair competition. Mr. Bernard was recently hired by Convergint Technologies LTD ("Convergint"), and prior to his/her employment with Convergint, Mr. Bernard was formally employed by Niscayah. Due to the positions held by Mr. Bernard while at Niscayah, there may also be various common law duties that prohibit the improper use of certain trade secret and/or confidential information.

Niscayah is confident that Convergint has not encouraged Mr. Bernard to violate any applicable legal obligations. However, please be aware that Niscayah will take immediate action if necessary to ensure the protection of its confidential and/or trade secret information.

Should you have any questions or concerns regarding this matter, please feel free to contact me.

Sincerely

_____

John Nemerofsky
Vice President of Sales
Niscayah, Inc.

Enclosure

xc: Mr. Dean Bernard



EXHIBIT 3

Niscayah, Inc.
Address: 401 Lennon Lane, Suite 125, Walnut Creek, CA 94598-2511
Phone: 925-256-3700, Fax: 925-256-3737, www.niscayah.com